IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DENNIS R. CORNWELL, Individually, | ) | |
| and as Personal Representative of the Estate | ) | |
| of RENIA A. CORNWELL, Deceased, | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 08-CV-638-JHP-TLW |
| | ) | JUDGE JAMES H. PAYNE |
| (1) UNION PACIFIC RAILROAD CO., | ) | |
| a Delaware Corporation, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REQUESTED JURY INSTRUCTIONS, WHICH ARE "DISPUTED" BY THE DEFENDANT

COMES NOW the Plaintiff, and request the submission of the following instructions, providing the evidence supports the submission of any such instruction on any particular issue. These Requested Instructions are disputed by the Defendant. This requesting party reserves the right to object to the submission of any of the Requested Jury Instructions if the evidence does not support the submission of any specific instruction.

WHEREFORE, Plaintiffs respectfully request this Honorable Court submit to the jury the Requested Jury Instructions if supported by the evidence.

Respectfully submitted,

/s/ John M. Merritt
JOHN M. MERRITT - OBA #6146
MERRITT & ASSOCIATES, P.C.
P. O. BOX 1377
OKLAHOMA CITY, OK 73101
(405) 236-2222 FAX (405) 232-8630
ATTORNEYS FOR PLAINTIFFS

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___2___

NOT IN OUJI-CIV

**PORTIONS OF TECHNICAL DOCUMENTS READ INTO EVIDENCE**

The Court has permitted certain portions of technical documents to be read into evidence without the actual document being admitted.  You are permitted to consider such evidence even though the Court did not admit the document.

AUTHORITIES: Fed. R. Evid. 803(18).

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___3___

OUJI-CIV 3.26

**PRESENTATION OF ANIMATION AS VISUAL AIDS**

Plaintiff is about to present a video/computer animation as a visual aid to the jury in understanding certain testimony or evidence presented at trial by illustrating and explaining that testimony or evidence. The video/computer animation represents only a re-creation of [Name of Witness]'s version of the event and should in no way be viewed as an actual re-creation or recording of the event. Because the video/computer animation is only intended to assist you in your role as jurors, you may accept or reject the video/computer animation in whole or in part.

AUTHORITIES:    *Tull v. Federal Express Corp.*, 2008 OK CIV APP 105, ¶ 38, 197 P.3d 495, 502

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___4___

OUJI-CIV 6.14

**KNOWLEDGE OF AGENT IMPUTABLE TO PRINCIPAL**

Knowledge, or notice possessed by an agent while acting within the scope of his/her

authority, is the knowledge of, or notice to, his/her principal.


GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___5___

OUJI-CIV 9.7

**CONCURRENT CAUSES**

There may be more than one direct cause of an injury.  When an injury is the result of the combined negligence of two or more persons, the conduct of each person is a direct cause of the injury regardless of the extent to which each contributes to the injury.

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. \_\_\_6\_\_\_

OUJI-CIV No. 9.10 (Modified)

**NEGLIGENCE PER SE- VIOLATION OF STATUTE OR ORDINANCE**

In addition to the duty to exercise ordinary care there are also duties imposed by statutes and state and federal regulations. If you find that a person violated any one of the following statutes and state and federal regulations and the violation was the direct cause of the injury, then such violation in and of itself would make such person negligent. There was in force and effect in at the time of the occurrence the following statutes and state and federal regulations:

**66 O.S. § 126, Bells or Whistles**:

"A bell of at least 30 lbs. weight, or a steam whistle, shall be placed on each locomotive engine, and shall be rung or whistled at the distance of at least 80 rods from the place the said railroad shall cross from any other road or street, under a penalty of $50.00 for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer, and the other half to the State, and shall also be liable for all damages which shall be sustained by any person by reason of such neglect."

You are instructed that under the law of Oklahoma, Union Pacific Railroad Co. had a duty to sound the train's whistle 80 rods (1320) feet from the crossing at issue. If you find that Union Pacific Railroad Co. did not and the failure to do so was a direct, contributing, or proximate cause of Renia Cornwell's death, then that failure in and of itself makes Union Pacific Railroad Co. negligent.

**49 CFR 222.21, Sounding Locomotive Horn**:

(a) . . . the locomotive horn on the lead locomotive train, . . . shall be sounded when such locomotive . . . is approaching a public highway-rail grade crossing.

Sounding of the locomotive horn with two long blasts, one short blast and one long blast shall be initiated at a location so as to be in accordance with paragraph (b) of this section and shall be repeated or prolonged until the locomotive occupies the crossing. This pattern may be varied as necessary where crossings are spaced closely together.

(b)  . . . the locomotive horn shall begin to be sounded at least 15 seconds, but no more than 20 seconds before the locomotive enters the crossing.

**49 CFR 229.129, Locomotive horn:**

"Each lead locomotive shall be equipped with a locomotive horn that produces a Minimum sound level of 96 dB(A) and a maximum sound level of 110 dB(A) at 100 feet forward of the locomotive in its direction of travel."

You are instructed that under the law, Union Pacific Railroad Co. had a duty to maintain a horn that produces between 96 decibels and 110 decibels at 100 feet in front of the locomotive when operated. If you find that Union Pacific Railroad Co. did not maintain such a horn and the failure to do so was a direct, contributing, or proximate cause of Renia Cornwell's death, then that failure in and of itself makes Union Pacific Railroad Co. negligent.

**66 O.S. § 128, Construction and Maintenance of Crossings**:

"It shall be the duty of every railroad company or corporation doing business, or operating a line of railroad within the State of Oklahoma to construct a crossing across that portion of its track, roadbed or right-of-way over which any public highway may run, and maintain the same unobstructed, in good condition for the use of the public."

**OAC § 165-32-1-3, Definitions**:

"'Sight triangle' means a triangle which would have a beginning point from the center point of the main track and the center point of the grade crossing extending along the center of the street or roadway approach for a distance of 50 feet or to the railroad right-of-way property line, whichever is less, then

extend at an angle until arriving at a point on the center of the main track 250 feet from the original beginning point."

**OAC § 165:32-1-11(b), Weed and trash abatement**:

"Railroads or other persons, firms or corporations operating a railroad company are responsible for the reasonable abatement at public crossings of trees, shrubs and other obstructions within or encroaching within a sight triangle."

You are instructed that under the law of Oklahoma, Union Pacific Railroad Co. had a duty to maintain the crossing at issue unobstructed and in good condition for the use of the public and to remove any obstructions within or encroaching within the sight triangle. If you find that Union Pacific Railroad Co. did not and the failure to do so was a direct, contributing, or proximate cause of Renia Cornwell's death, then that failure in and of itself makes Union Pacific Railroad Co. negligent.

AUTHORITIES:    66 O.S. §§ 126, 128; 49 CFR 229.129; *Earl W. Baker & Co. v. Legaly*, 144 F.2d 344 (10th Cir. 1944); *Shoopman v. Travelers Ins. Co.*, 1974 OK 6, 12, 518 P.2d 1108, 1110-11; *Gasko v. Gray*, 1972 OK 141, 23, 507 P.2d 1231, 1235; *Garner v. Myers*, 1957 OK 224, 5, 318 P.2d 410, 413; *Tulsa Fruit Co. v. Lucas*, 208 Okla. 166, 170-71, 254 P.2d 788, 792-93 (1953); *Boyles v. Oklahoma Natural Gas Co.*, 1980 OK 163, 14, 619 P.2d 613, 618: "The violation of an ordinance is to be deemed negligence per se if the injury complained of (a) was caused by the ordinance's violation, (b) was of the type intended to be prevented by the ordinance and (c) the injured party was one of the class meant to be protected by the ordinance." (footnotes omitted)

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
                                    JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___8___

NOT IN OUJI-CIV

**CONFORMANCE WITH CUSTOMS AND USAGE**

You are instructed that one who is engaged in a particular business, trade or occupation has a duty to act in such capacity in conformance with the customary and general procedures which are generally recognized and accepted within that particular business, trade or occupation. Failure to comply with such generally recognized and accepted customs and procedures or failure to conform with practices generally accepted as safe practices within such particular business, trade or occupation may be considered by you to be acts of negligence.

AUTHORITIES:    *Sanders v. C. P. Carter Construction Co.*, 1952 OK 153, 244 P.2d 822; *Owen v. Rheem Mfg. Co.*, 83 Cal. App.2d 42, 187 P.2d 785; *Powell v. Durant Milling Co.*, 1941 OK 211, 136 P.2d 904.

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___9___

NOT IN OUJI-CIV

**NO DUTY TO STOP**

You are instructed that a driver is not required to stop a vehicle approaching a railroad

grade crossing within fifty feet but not less than fifteen feet from the nearest railroad, unless

a railroad train approaching within approximately 1,500 feet of the highway/road crossing

emits a signal audible from that distance and unless the approaching railroad train is plainly

visible to traffic approaching the crossing in hazardous proximity.


AUTHORITIES:     47 O.S. § 11-701(a).


GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
                              JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___10___

OUJI-CIV 9.17A

**COMPARATIVE NEGLIGENCE NOT A DEFENSE
TO WILLFUL AND WANTON OR INTENTIONAL CONDUCT**

You are instructed that negligence is not a defense to conduct that is either willful and wanton or intentional.  Therefore, if you find that the conduct of Defendant, Union Pacific Railroad Co., was willful and wanton or intentional, then you shall use the Blue Verdict Form and not reduce the amount of Plaintiff's damages on account of any negligence of Renia Cornwell.

The conduct of  Defendant, Union Pacific Railroad Co., was willful and wanton if Defendant, Union Pacific Railroad Co., were either aware, or did not care, that there was a substantial and unnecessary risk that their conduct would cause serious injury to others.  In order for the conduct to be willful and wanton, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

Defendant's conduct was intentional if it desired to cause injury to Renia Cornwell, or knew that such injury was substantially certain to result from its conduct.

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___11___

NOT IN OUJI-CIV

**COMPLIANCE WITH STANDARDS**

You are instructed that certain statutes, federal regulations and industry standards have been introduced into evidence in this case. These standards may be considered by you in this case when determining, in your own judgment, as to whether a manufacturer placed in the stream of commerce a defective vehicle. However, you are instructed that statutes, federal regulations and industry standards are minimum standards.

You are further instructed that even if a railroad has done everything required by statutes, federal regulations and industry standards, a railroad may be required do more. It is within your province to find that a railroad should have been more careful than any statute, federal regulation and industry standard requires. The suggested statutes, federal regulations and industry standards usually are only minimums and do not foreclose the finding that a railroad should have taken other or additional precautions.

AUTHORITIES:   *Smith v. FMC Corp.*, 754 F.2d 873 (10th Cir. 1985); *Smith v. Minster Machine Co.*, 669 F.2d 628 (10th Cir. 1982); *Foster v. Caterpillar Tractor Co.*, 714 F.2d 654 (6th Cir. 1983); *Page v. Barko Hydraulics*, 673 F.2d 134 (5th Cir. 1982); *Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex. 1979); *Bristol-Meyers Co. V. Gonzales*, 561 S.W.2d 801 (Tex. 1978); *Lubbock Mfg. Co. v. Perez*, 591 S.W.2d 906 (Tex.Ct.App.-Waco, 1979, writ dismcd by agr.); *Forrest City Machine Works, Inc. v. Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981); *Verson Allsteel Press Co. v. Gardner*, 261 Ark. 133, 547 S.W.2d 411 (1977); *Smith v. Aaron*, 256 Ark. 414, 508 S.W.2d 320 (1974).

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___12___

OUJI-CIV 5.12 (MODIFIED)

**MORTALITY TABLES--EXPLANATION**

According to life expectancy tables admitted in evidence, the life expectancy of a female person of the age of **41.95** years is **82.20** years. This figure is not conclusive. It is the average life expectancy of persons who have reached that age. This figure may be considered by you in connection with other evidence relating to the probable life expectancy of Renia Cornwell, including evidence of her occupation, health, habits and other activities.

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___13___

OUJI-CIV 8.1

**DAMAGES FOR WRONGFUL DEATH OF AN ADULT**

Plaintiff, Dennis Cornwell, in this action sues to recover damages for the death of Renia Cornwell.

If you decide for Plaintiff on the question of liability, in determining the amount of damages he is entitled to recover, you may consider the following items:

1. The loss of financial support of contributions of money to Dennis Cornwell, the husband of Renia Cornwell, and Brenda Hucker and Daniel Woolman, the children of Renia Cornwell;

2. The grief of the surviving husband, Dennis Cornwell;

3. The loss of the society, services, companionship, and marriage relationship of the husband, Dennis Cornwell;

4. The grief of Brenda Hucker and Daniel Woolman, the children of Renia Cornwell;

5. The loss of companionship and parental care, training, guidance, or education that would have been forthcoming from Renia Cornwell to the children, and the loss of companionship of Renia Cornwell by the children, Brenda Hucker and Daniel Woolman;

6. The pain and suffering of Renia Cornwell;

8. The medical and burial expenses.

You must fix the amount of money which will reasonably and fairly compensate for those above-named elements of damage, which you find were directly caused by the negligence or wrongful conduct of Defendant, Union Pacific Railroad Co.

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___14___

OUJI-CIV 5.6

**EXEMPLARY OR PUNITIVE DAMAGES -- FIRST STAGE**

If you find in favor of Plaintiff, and grant him actual damages, then you must also find by a separate verdict, whether Defendants acted in reckless disregard of the rights of others and/or acted intentionally and with malice towards others.

Plaintiffs have the burden of proving this by clear and convincing evidence. By that I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

The conduct of Defendant was in reckless disregard of another's rights if Defendant was either aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to others. In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

Malice involves either hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse.

If you find that Defendant acted in reckless disregard of the rights of others or intentionally and with malice towards others, you may award punitive damages against Defendant in a later part of this trial. If you find that Defendant did not act in reckless

disregard of the rights of others or intentionally and with malice towards others, you may not

award punitive damages against Defendant.


AUTHORITIES:     *Smith v. Grizzi*, 1977 OK 91, 564 P.2d 1009, 1013; *Malik v. Apex
                 Int'l Alloys, Inc.*, 762 F.2d 77, 80 (10th Cir. 1985); *Bennett v. City
                 Nat'l Bank & Trust Co.*, 1975 OK CIV APP 71, 549 P.2d 393, 397.


GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

                           _____
                                        JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___15___

OUJI-CIV 9.23

**BLUE VERDICT FORM, FOR PLAINTIFF- DIRECTIONS**

If you find that the occurrence with which this lawsuit is concerned was directly caused by the negligence of Defendant, Union Pacific Railroad, and not by any contributory negligence on the part of Renia Cornwell, then you shall use the Blue Verdict Form and find in favor of Plaintiff, Dennis Cornwell, Personal Representative of the Estate of Renia Cornwell.  If you so find, Plaintiff is entitled to recover the full amount of any damages which you may find Plaintiff has sustained as a result of the occurrence.

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ____16____

**VERDICT FORM, FOR PLAINTIFF, PUNITIVE DAMAGES (FIRST STAGE)**

OUJI-CIV 5.7

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DENNIS R. CORNWELL, Individually, | ) | |
| and as Personal Representative of the Estate | ) | |
| of RENIA A. CORNWELL, Deceased, | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 08-CV-638-JHP-TLW |
| | ) | JUDGE JAMES H. PAYNE |
| (1) UNION PACIFIC RAILROAD CO., | ) | |
| a Delaware Corporation, | ) | |
| Defendant. | ) | |

<u>**BLUE VERDICT FORM FOR PLAINTIFF**</u>

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find in favor of the Plaintiff, **DENNIS CORNWELL**, Personal Representative of the Estate of Renia Cornwell as follows:

1. The dollar amount of the actual damages is the sum of $_____.

2. We do ____ do not ____ (Check One) find by clear and convincing evidence that the Defendant, Union Pacific Railroad Company, acted in reckless disregard of the rights of others.

3. We do ____ do not ____ (Check One) find by clear and convincing evidence that the Defendant, Union Pacific Railroad Company, acted intentionally and with malice towards others.

_____        _____
Foreperson

_____        _____

_____        _____

_____        _____

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
                    JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___17___

OUJI-CIV 5.9

**EXEMPLARY OR PUNITIVE DAMAGES -- SECOND STAGE**

Ladies and Gentlemen of the jury, you have found in favor of the Plaintiff, Dennis Cornwell, and granted him actual damages, and you have also found by a separate verdict that the Defendant, Union Pacific Railroad Company, was guilty of reckless disregard of the rights of others and/or acted intentionally and with malice towards others.

You may now, in addition to actual damages, grant the Plaintiff, Dennis Cornwell, punitive damages in such sum as you reasonably believe will punish Defendant, Union Pacific Railroad Company, and be an example to others.

Punitive damages are not to be considered as compensation to Plaintiff, but as punishment to Defendant, and as an example to others to deter them from like conduct. The law does not require you to award punitive damages, and if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a Defendant.

You may consider evidence of actual harm to others in determining the seriousness of the hazard to the public and thus whether the conduct that harmed the Plaintiff was particularly reprehensible or bad.   Conduct that risks harm to many may be more reprehensible than conduct that risks harm to only a few.  However, you may not use punitive damages to punish Defendant directly on account of harms that Defendant may have caused to others.

In determining the amount of punitive damages, you may consider the following factors:

1.    The seriousness of the hazard to the public arising from Defendant's misconduct;

2.    The profitability of the misconduct to Defendant;

3.    How long the conduct lasted and whether it is likely to continue;

4.    Whether there were attempts to conceal the misconduct;

5.    How aware Defendant was of the conduct and its consequences and how aware Defendant was of the hazard and of its excessiveness;

6.    The attitude and conduct of Defendant upon finding out about the misconduct/hazard;

7.    The financial condition of Defendant.


AUTHORITIES:    Okla.Stat. tit. 23 § 9.1(C)(2)(Supp. 1995). Where the Trial Court has found beyond a reasonable doubt that the Defendant acted intentionally and with malice and engaged in conduct that was life threatening to humans, and the jury has found that the Defendant acted intentionally and with malice towards others, there is no limit on the amount of punitive damages.


GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

                                        _____
                                                          JUDGE

PLAINTIFF'S REQUESTED INSTRUCTION NO. ___19___

VERDICT FORM, FOR PLAINTIFF, PUNITIVE DAMAGES, SECOND STAGE

OUJI-CIV 5.10

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DENNIS R. CORNWELL, Individually, | ) | |
| and as Personal Representative of the Estate | ) | |
| of RENIA A. CORNWELL, Deceased, | ) | |
|         Plaintiff, | ) | |
| | ) | CASE NO. 08-CV-638-JHP-TLW |
| | ) | JUDGE JAMES H. PAYNE |
| (1) UNION PACIFIC RAILROAD CO., | ) | |
| a Delaware Corporation, | ) | |
|         Defendant. | ) | |

## **VERDICT FORM--SECOND STAGE**

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths,

find in favor of the Plaintiff, **Dennis Cornwell**, Personal Representative of the Estate of

Renia Cornwell, and fix the dollar amount of punitive damages in the sum of

$ _____.


_____        _____

Foreperson

_____        _____


_____        _____


_____        _____

GIVEN _____
REFUSED _____
GIVEN AS MODIFIED _____
EXCEPTION ALLOWED _____

_____
JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of July, 2010, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the electronic records on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Tom L. Armstrong   tarmstrong@tulsacounsel.com, jyoung@tulsacounsel.com
Robert D. Hart      rhart@tulsacounsel.com, bferris@tulsacounsel.com,
                    jyoung@tulsacounsel.com, jramsay@tulsacounsel.com
ATTORNEYS FOR DEFENDANT, UNION PACIFIC RAILROAD COMPANY


/s/ John M. Merritt
JOHN M. MERRITT - OBA #6146