# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DENNIS R. CORNWELL, )
Individually, and as Personal )
Representative of the Estate of )
Renia A. Cornwell, Deceased, )
                              )
           Plaintiff, )
                              )
v. ) Case No. 08-CV-638-JHP-TLW
                              )
UNION PACIFIC RAILROAD )
COMPANY, a foreign corporation, )
                              )
           Defendant. )

## OPINION AND ORDER

Before the Court are Plaintiffs'[1] Motion to Dismiss Dennis R. Cornwell in His Individual Capacity and Brief in Support Thereof (Docket No. 353) (hereinafter "Motion to Dismiss") and the subsequent Response and Reply thereto (Docket Nos. 364, 369) and Defendant Union Pacific Railroad Company's Motion for Sanctions (Docket No. 372) (hereinafter "Motion for Sanctions") which was responded to by Plaintiff (Docket No. 373). For the reasons discussed herein, the Plaintiff's Motion to Dismiss Dennis R. Cornwell in His Individual Capacity (Docket No. 353) is DENIED, and the Defendant's Motion for Sanctions (Docket No. 372) is DENIED.

---

[1]Throughout the record in this wrongful death case, the parties prosecuting this case have been referred to as either singular ("Plaintiff") or plural ("Plaintiffs"). This confusion stems from the fact that the same plaintiff, Dennis R. Cornwell ("Mr. Cornwell"), is listed as plaintiff in two legal capacities: (1) individually, presumably as the next-of-kin of the deceased Renia A. Cornwell, and (2) as Personal Representative of the Estate of Renia A. Cornwell. For most analytical purposes, the distinction between Mr. Cornwell's legal statuses is irrelevant; however, the Motion to Dismiss has placed this distinction at issue. For that reason, the Court will refer to Mr. Cornwell's distinct legal capacities separately, therefore using the plural form, "Plaintiffs."

PROCEDURAL HISTORY

This case was commenced September 19, 2008 in the United States District Court for the Western District of Oklahoma. Docket No. 1.[2] After the resolution of numerous pretrial motions, trial began on September 14, 2010. *See* Docket No. 333. Jury verdict was entered for Defendant on September 21, 2010 and the Judgment followed in accordance on October 15, 2010. Docket Nos. 347, 348.

The Judgment assessed costs against the Plaintiffs pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920. Judgment at 2, Docket No. 348. Three days later, the Defendant filed its Bill of Costs totaling $68,189.78. Docket No. 349. Plaintiffs objected to the Bill of Costs.[3] After conducting a hearing, the Clerk of Court entered an order taxing costs against the Plaintiffs in the amount of $18,807.30. Docket No. 367. Prior to the Clerk's hearing on the Bill of Costs, Plaintiffs filed their "Motion to Dismiss Dennis R. Cornwell in His Individual Capacity and Brief in Support Thereof," arguing that Mr. Cornwell, individually, should be dismissed from the case because Oklahoma law provides the personal representative of the estate of the decedent the *exclusive* right to bring a wrongful death action. *See generally*, Motion to Dismiss, Docket No. 353. Defendant responded with a collateral attack on the Oklahoma County Probate Court's Order appointing Mr. Cornwell the personal representative of Renia A. Cornwell's estate. Defendant argued that because the Probate Court lacked subject matter jurisdiction, the Order was void, and no administrator existed for the estate. *See* Defendant Union Pacific Railroad Company's Response to Plaintiff's Motion to Dismiss Dennis R. Cornwell in His Individual

---

[2]This case was transferred to the Northern District of Oklahoma after Defendant's Motion to Transfer Venue (Docket No. 11) was granted (*see* Docket No. 13).

[3]*See generally* Objection to Bill of Costs and Amended Objection to Bill of Costs, Docket Nos. 365, 366, respectively.

Capacity at 3-6, Docket No. 364 (hereinafter "Response to Motion to Dismiss").[4]  Plaintiffs' Reply renewed their argument that Mr. Cornwell, individually, was not a proper party to the lawsuit and additionally argued that the Oklahoma County Probate Court's Order appointing Mr. Cornwell administrator of the estate could not be collaterally attacked.  *See generally* Plaintiff's Reply in Support of Plaintiff's Motion to Dismiss Dennis R. Cornwell in His Individual Capacity, Docket No. 369.

Subsequently, on December 20, 2010, Defendant filed its Motion for Sanctions, which generally alleges that Plaintiffs violated the pleading standards set out in Fed. R. Civ. P. 11(b) by bringing the Motion to Dismiss.  *See generally* Motion for Sanctions, Docket No. 372.  Plaintiffs responded to the Motion for Sanctions on January 10, 2011.  Plaintiff's Response and Brief in Support Thereof in Opposition to Defendant's Motion for Sanctions, Docket No. 373 (hereinafter "Response to Motion for Sanctions").  The Motion for Sanctions is discussed *infra*.

DISCUSSION

I.  *Plaintiff's Motion to Dismiss Dennis R. Cornwell in His Individual Capacity*

Plaintiffs brought the pending Motion to Dismiss on the grounds that Mr. Cornwell, in his individual capacity, was not a proper plaintiff to this suit because Oklahoma law provides that, if an administrator has been appointed to the decedent's estate, that administrator of a decedent's estate has the exclusive right to prosecute a wrongful death claim.  Plaintiffs' have correctly stated Oklahoma law.  The Oklahoma wrongful death statute provides, "[w]hen the

---

[4]In addition to their primary argument discussed *infra*, Defendants additionally argued that (1) the Motion to Dismiss did not comply with Fed. R. Civ. P. 60 because it did not state valid reason for relief from the Judgment, and (2) Plaintiff had waived any claim he had to dismissal from the suit by waiting too long to request dismissal.  *See* Response to Motion to Dismiss at 6-8, Docket No. 364.  Because the Court's denial of Plaintiffs' motion is based on Defendant's first argument, these additional arguments are not addressed in this opinion.

death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter . . . if the former might have maintained an action, had he or she lived, against the latter . . . for an injury for the same act or omission." OKLA. STAT. tit. 12, § 1053. The Oklahoma Supreme Court interpreted this statute in *National Valve & Manufacturing Co. v. Wright*:

> When the Legislature, upon the appointment of an administrator in such case, vested the cause of action in him and gave him, and him only, authority to bring and maintain the action, it thereby took from the beneficiaries, who are entitled to receive the judgment recovered, any right to control, settle, or otherwise dispose of the action, and gave to the administrator alone the full right of control.

1951 OK 381, ¶ 7, 240 P.2d 766, 768 (holding that a decedent's widow was without the authority to enter into settlement in a wrongful death case, when widow was not also serving as administrator of decedent's estate). Thus, the Oklahoma wrongful death statute clearly allows only the personal representative of the decedent's estate to maintain a wrongful death action. In contrast, if no personal representative has been appointed over the decedent's estate, a decedent's next of kin may maintain the wrongful death action. OKLA. STAT. tit. 12, § 1054 (when death was caused in accordance with the wrongful death statute and decedent was a resident of Oklahoma, if "no personal representative is or has been appointed, the [wrongful death] action
. . . may be brought by the widow, or where there is no widow, by the next of kin of such deceased").

These statutes work in tandem, providing the cause of action to the personal representative, if one exists, and if there is no personal representative, providing the cause of action to the next of kin. Therefore, Plaintiff has correctly stated that, under Oklahoma law, *either* the personal representative of the decedent's estate *or* the decedent's next of kin may

4

prosecute a wrongful death cause of action. Applying this rule to the instant case, Mr. Cornwell cannot properly bring this case as plaintiff in *both* his individual capacity and his capacity as personal representative of the estate of Renia A. Cornwell; Mr. Cornwell is a proper plaintiff in only *one* of his legal capacities. The parties appear to agree on this rule of law and its application to this case, but disagree in which of Mr. Cornwell's legal capacities is the proper plaintiff. The key issue in the resolution of this dispute is whether the Oklahoma County Probate Court's Order appointing Mr. Cornwell personal representative of the estate is jurisdictionally sound.

Title 58 of the Oklahoma Statutes addresses probate procedure, and section five therein provides the basis for probate venue and jurisdiction. "Wills must be proved, and letters testamentary or of administration granted in the following applicable situations: (1) In the county of which the decedent was a resident at the time of his death, regardless of where he died . . . ." OKLA. STAT. tit. 58, § 5(1).[5] Interpreting this statute, the 10th Circuit held that, "[t]he residence of [decedent] in the [county proposed for probate] at the time of his death is a prerequisite to the exercise of probate jurisdiction by the County Court of that County over his Estate." Merrell v. United States, 140 F.2d 602, 606 (10th Cir. 1944); *see also* In re Davis' Estate, 1935 OK 242, ¶ 6, 43 P.2d 115, 116 (interpreting predecessor Oklahoma statute) ("The question of residence is one of jurisdiction, and unless the decedent's residence was in [the county of probate], the county court did not have jurisdiction to probate his will."); James v. Sanders, 1923 OK 690, ¶ 2, 218 P.

---

[5]It is undisputed that Renia A. Cornwell was a resident of Oklahoma at the time of her death. *See, e.g.*, Response to Motion to Dismiss, Exh. 1: Petition for Letters of Special Administration at 1-2, Docket No. 364 ("at the time of [Renia A. Cornwell's] death, the Decedent was a resident of Craig County [Oklahoma]"). The other "situations" defined in the probate venue statute are inapplicable because they specifically and exclusively apply to out-of-state residents. *See* OKLA. STAT. tit. 58 § 5(2-5).

877, 878 (interpreting predecessor Oklahoma statute) (if decedent is a resident of Oklahoma at the time of death, jurisdiction for probate proceedings lies only in the county in which deceased was a resident at time of death; ordering dismissal of probate case undertaken in county where Oklahoma decedent was not a resident at time of death).

The orders and judgments of Oklahoma state probate courts may be subject to collateral attack in federal courts under certain circumstances. If an Oklahoma state court has first exercised jurisdiction, "its judgment is exclusive of Federal jurisdiction, and not subject to collateral attack *unless, of course, the absence of jurisdiction over the subject matter, or lack of power to render judgment, affirmatively appears from the fact of the proceedings*." *Merrell*, 140 F.2d at 606 (collecting Oklahoma cases) (emphasis added). Further, the Oklahoma Supreme Court stated that "[a] final judgment or decree is void on its face if from examination of the judgment roll[6] it may be determined that [subject matter jurisdiction] is absent . . . ." Chandler v. Denton, 1987 OK 109, ¶ 12, 747 P.2d 938, 942.

Renia A. Cornwell was a resident of Oklahoma at the time of her death.[7] Thus, Title 58, section 5(1) of the Oklahoma statutes applies to this case: Renia A. Cornwell's county of residence at the time of her death has exclusive jurisdiction over the probate of her estate. *See* OKLA. STAT. tit. 58, § 5(1). Therefore, if the probate of the estate was not brought in her county of residence at death, and such fact appears on the face of the judgment roll, any Order issued by such county court would lack subject matter jurisdiction and be vulnerable to collateral attack.

---

[6]"The judgment roll consists of the petition, exhibits, process, pleadings, reports, verdicts, orders and judgment, and all material acts and proceedings of the court." Chandler v. Denton, 1987 OK 109, ¶ 12, n.11, 747 P.2d 938, 942, n.11 (citing Sabin v. Levorsen, 1943 OK 77, ¶ 6, 145 P.2d 402, 405).

[7]*See supra* note 5.

Mr. Cornwell brought a Petition for Letters of Special Administration in Oklahoma County on September 24, 2008. *See* Response to Motion to Dismiss, Exh. 1 at 1, Docket No. 364. In the Petition, Mr. Cornwell stated,

> Petitioner would show that at the time of Decedent's death, the *Decedent was a resident of Craig County*. However, a portion of the Decedent's estate was found within this County, thus venue is proper in this County, pursuant to 58 O.S. Sec. 5, and this Court has jurisdiction over this matter.

*Id.* at 1-2 (emphasis added). The Order appointing Mr. Cornwell special administrator of the estate of Renia A. Cornwell made no factual findings regarding the issue of jurisdiction. *See id.* exh. 2 at 1.

The Petition for Letters of Special Administration specifically states that Renia A. Cornwell was a resident of Craig County, Oklahoma at the time of her death. Craig County therefore has exclusive jurisdiction over the granting of letters of administration in the probate of her estate. However, the Petition was brought in Oklahoma County. Oklahoma County did not have subject matter jurisdiction to determine the dispute and the lack of subject matter jurisdiction was apparent on the face of Petition. It follows that the decree granting Mr. Cornwell letters of special administration from Oklahoma County Probate Court is void. *See Chandler*, 1987 OK 109, ¶ 12, 747 P.2d at 942.[8]

The Order appointing him personal representative of the estate now invalidated, Mr.

---

[8] Mr. Cornwell's statement that "a portion of decedent's estate is found within [Oklahoma] County, thus . . . [Oklahoma County] Court has jurisdiction over this matter" is clearly a misstatement of Oklahoma law. Response to Motion to Dismiss, Exh. 1 at 2, Docket No. 364; *see* OKLA. STAT. tit. 58, § 5. Under Oklahoma law, the only time in which the location of decedent's property is relevant occurs when the decedent was not a resident of this state (*see* OKLA. STAT. tit. 58, § 5(2-4)), and it is undisputed that Renia A. Cornwell was a resident of Oklahoma at the time of her death. *See supra* note 5. The location of decedent's property in this case, therefore, was irrelevant to the jurisdictional analysis.

7

Cornwell, as personal administrator of the estate of Renia A. Cornwell is not a proper plaintiff to this wrongful death action. Therefore, Mr. Cornwell, in his individual capacity, must remain a party to this case. Otherwise, there would be no proper plaintiff against whom the Judgment may be executed.[9] For the reasons stated herein, Plaintiffs' Motion to Dismiss Dennis R. Cornwell in His Individual Capacity is DENIED.

II.     *Defendant's Motion for Sanctions*

Defendant's Motion for Sanctions, alleges that Plaintiffs' Motion to Dismiss violated the pleading standards set forth in Fed. R. Civ. P. 11(b)[10] and therefore warranted sanction. *See generally* Motion for Sanctions, Docket No. 372.

At the outset, the Court finds that Defendant complied with Rule 11(c)(2), which requires

---

[9] As discussed *supra*, Oklahoma law provides that when no personal representative has been appointed for a decedent who was a resident of this state at the time of death, the wrongful death action may be maintained by the decedent's widow or next of kin. OKLA. STAT. tit. 12, § 1054. Thus, upon the invalidation of the Order appointing Mr. Cornwell administrator of the decedent's estate, the proper party to prosecute this wrongful death action became Mr. Cornwell, in his individual capacity as Renia A. Cornwell's widower.

[10] Rule 11(b) states, in relevant part,

By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed under an inquiry reasonable under the circumstances:
    (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
    (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
    (3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b)(1-3).

the motion for sanctions to be "made separately from any other motion" and "describe the the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The Rule also requires the moving party to serve the party against whom sanctions are sought with notice of the impending motion for sanctions and allow that party twenty-one days[11] to withdraw or appropriately correct the error which led to the motion. Fed. R. Civ. P. 11(c)(2).

Despite Plaintiff's claim to the contrary (*see* Response to Motion for Sanctions at 1, Docket No. 373), Defendant did in fact provide the Plaintiff with notice that there was an impending motion for sanctions, and such notice included allegations of specific conduct by the Plaintiff which violated the standards set out in Rule 11(b). *See generally* Motion for Sanctions at Exh. 1, Docket No. 372. The motion was subsequently filed separately from any other motion after more than twenty-four days[12] had elapsed, in accordance with Rule 11(c)(2).

Next, the Court addresses the merits of the Motion for Sanctions. Rule 11(c)(1) provides that, "[i]f . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The United States Supreme Court stated, ". . . the central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts. Rule 11 imposes a duty on attorneys to

---

[11]Defendant gave notice to Plaintiff of its Motion for Sanctions in a letter dated November 24, 2010 sent to Plaintiff's counsel via U.S. Mail. Motion for Sanctions, Exh. 1 at 1, Docket No. 372. Due to the use of U.S. Mail as the method of service, Fed. R. Civ. P. 6 provided Plaintiff with an additional three days, for a total of twenty-four days, in which to respond to the notice before Defendants filed the Motion for Sanctions. *See* Thomason v. First Pryority Bank, 2010 WL 3607543, at *3 (N.D. Okla. Sept. 13, 2010). Thus, Plaintiff's response deadline would have been December 20, 2010. The Motion for Sanctions was filed on December 20, 2010. Docket No. 372.

[12]*See supra* note 11.

9

certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (citation omitted).

Courts have recognized that, in order to avoid an undesired chilling effect on litigation, a court's power to impose sanctions under Rule 11 should be "exercised with extreme caution" in cases where an "extraordinary remedy" is required. Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1344-45 (9th Cir. 1988); *see also* Thomason v. First Pryority Bank, 2010 WL 3607543, at *2 (N.D. Okla. Sept. 13, 2010) (quoting Greeley Pub. Co. v. Hergert, 233 F.R.D. 607, 611 (D. Colo. 2006)); Fed. R. Civ. P. 11 advisory committee's note (1993) ("Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b).").

A court must use an objective standard when evaluating whether an attorney has violated Rule 11, inquiring "whether a reasonable attorney admitted to practice before the district court would file such a document." Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir. 1988). An attorney's "good faith belief in the merit of an argument is not sufficient" to avoid imposition of sanctions if that belief is objectively unreasonable. White v. General Motors Corp., Inc., 908 F.2d 675, 680 (10th Cir. 1990).

In its Motion for Sanctions, Defendant articulates three specific grounds for sanctions under Rule 11, each referring to Plaintiffs' conduct in bringing the Motion to Dismiss: (1) Plaintiff filed the Motion to Dismiss for the improper purpose of avoiding the Judgment, in violation of Rule 11(b)(1), (2) the Motion to Dismiss was not supported by existing law, in violation of Rule 11(b)(2), and (3) there was no factual support for Plaintiff's claim that he is the personal representative of Renia A. Cornwell's estate, in violation of Rule 11(b)(3). *See* Motion

for Sanctions at 2-6, Docket No. 372. This Court has already discussed at length Plaintiff's Motion to Dismiss and concluded that the arguments made therein are unpersuasive; however, "not all unsuccessful legal arguments . . . warrant sanction." Mareno v. Rowe, 910 F.2d 1043, 1047 (2nd Cir. 1990); *see also* Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987) (citing Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157-58 (3d Cir. 1986)).

First, the Court will specifically address the allegation that Plaintiffs brought the Motion to Dismiss for the improper purpose of avoiding the Judgment, in violation of Rule 11(b)(1). The Judgment assessed costs "against the Plaintiff pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920." *See* Judgment at 2, Docket No. 348.[13] Approximately two weeks after the Judgment was entered and Defendant had filed its Bill of Costs (*see* Docket Nos. 348, 349), Plaintiffs brought the Motion to Dismiss Mr. Cornwell in his individual capacity. This Court agrees that the poor timing[14] of Plaintiffs' Motion to Dismiss suggests that it was brought in response to the Bill of Costs.[15]

---

[13]The Judgment listed both Dennis Cornwell in his individual capacity and Dennis Cornwell in his capacity as administrator of the estate of Renia A. Cornwell as Plaintiffs. Thus, under the terms of the Judgment, both parties are liable for payment of Defendant's costs.

[14]Under Plaintiffs' theory of the case, Mr. Cornwell, individually, was no longer a proper party to the case at the time an administrator was appointed to the estate of Renia A. Cornwell. *See* Motion to Dismiss at 1-2, Docket No. 353. This case was filed on September 19, 2008 (Docket No. 1), but it was not until September 24, 2008 that the Oklahoma County Probate Court issued the Order purportedly appointing Mr. Cornwell administrator of the estate of Renia A. Cornwell (Response to Motion to Dismiss, Exhs. 2-3, Docket No. 354). Therefore, assuming for demonstrative purposes that Mr. Cornwell was appointed administrator of the estate by valid court order, as Plaintiffs argued, Plaintiffs should have moved to dismiss Mr. Cornwell as an individual on September 24, 2008 or soon thereafter. Instead, Plaintiffs allowed over two years to pass before moving to dismiss Mr. Cornwell in his individual capacity, after jury verdict and judgment had been rendered against Plaintiffs.

[15]In fact, Plaintiffs admit in their response brief to the Motion for Sanctions that the issue of whether Mr. Cornwell as an individual was a proper plaintiff in this case was not considered until the Bill of Costs was filed. *See* Plaintiff's Response and Brief in Support Thereof in

However, Plaintiffs have maintained throughout the post-judgment briefing that Plaintiff Dennis Cornwell, *as Personal Representative of the Estate of Renia A. Cornwell*, is liable for the costs. Therefore, Plaintiffs never intended to that the Bill of Costs go unpaid. Instead, their intent was that the burden of payment of the Bill of Costs fall on who they perceived to be the proper plaintiff. As previously discussed, Plaintiffs were in fact mistaken as to which of the listed Plaintiffs was the legally proper party to this lawsuit. However, such mistake does not amount to one necessitating the "extraordinary remedy"[16] that Rule 11 sanctions provide. This is particularly true when Plaintiffs, collectively, have exhibited no intent to completely evade the Judgment's assessment of costs, only to appropriately define the proper party to pay the costs. The Court finds Plaintiffs exhibited no "improper purpose" in this case, therefore no Rule 11 sanctions are required.

Second, the Court addresses the alleged violation of Rule 11(b)(2), that Plaintiffs' Motion to Dismiss was not supported by existing law. These arguments turn on allegations that Plaintiffs (1) have "not cited any authority that allows for a post-verdict dismissal of a plaintiff in his individual capacity for the sole purpose of avoiding costs assessed [in the final judgment]" and (2) have a demonstrated record of filing cases for plaintiffs "both individually and as a personal representative of the estate of the decedent," which practice is in contradiction to

---

Opposition to Defendant's Motion for Sanctions at 2, Docket No. 373 (hereinafter "Response to Motion for Sanctions") ("When the Defendant's bill of costs was filed in this case, the questions were raised by one of the lawyers in the office of Plaintiff's counsel as to whether such costs would be properly assessed against Plaintiff in his representative capacity, or improperly assessed against him individually and whether a spouse in his or her individual capacity was a proper party Plaintiff to bring a wrongful death claim where there had been an administrator appointed for the estate.").

[16]*See* Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1344-45 (9th Cir. 1988).

Oklahoma law as set forth in Plaintiffs' Motion to Dismiss. *See* Motion for Sanctions at 4, Docket No. 372. Indeed the cases cited by Plaintiffs do not support the concept that a party may be dismissed in his individual capacity after the judgment has been entered for the purpose of avoiding the judgment.

However, the cases cited by Plaintiffs do support their general argument that once an administrator is appointed for an estate of a decedent, that administrator has the exclusive right to bring a wrongful death action on behalf of that decedent under Oklahoma law. *See* Abel v. Tisdale, 1980 OK 161, ¶ 8, 619 P.2d 608, 609-10; Nat'l Valve & Mfg. Co. v. Wright, 1951 OK 381, ¶ 7, 240 P.2d 766, 768; Motion to Dismiss at 1-2, Docket No. 353. Though Plaintiffs did not cite authority supporting the action it requested, it cited authority for its reasoning. The Motion to Dismiss failed not because this Court lacked authority to make the requested dismissal, but because the requested dismissal was based on a mistake of fact: that Mr. Cornwell was properly appointed administrator of Renia A. Cornwell's estate. This mistake of fact does not rise to the level of objective impropriety required to support imposition of Rule 11 sanctions.

Further, the Court declines to impose Rule 11 sanctions for the mere fact that Plaintiffs' counsel has a demonstrated record of filing wrongful death cases for plaintiffs both individually and as personal representative of the decedent's estate. Defendant's brief makes clear that this practice is embraced not only by Plaintiffs' counsel, but by many attorneys in the State of Oklahoma and the Tenth Circuit.[17] Thus, it appears that Plaintiffs' counsel was simply following a customary pleading method for wrongful death cases in Oklahoma. This Court further notes

---

[17]*See* Motion for Sanctions at 4, Docket No. 372 ("There are numerous cases reported in the Tenth Circuit and in the State of Oklahoma where a plaintiff has sued for wrongful death both individually and as a personal representative of the estate of the decedent.") (citations omitted).

that, after the error in pleading was discovered, Plaintiffs' counsel instructed his staff to avoid such incorrect pleading in future wrongful death cases.[18] While there is no excuse for incorrect pleading under the law, Plaintiffs' counsel's conduct of pleading in line with inaccurate custom, filing a Motion to correct his mistake of law (however untimely), and instructing his staff to correct the error in future cases does not rise to the level of objective impropriety for which Rule 11 sanctions are required.

Third, the Court discusses the alleged violation of Rule 11(b)(3), which states that because Mr. Cornwell was not effectively appointed the administrator of the estate by a court of competent jurisdiction, there was no factual basis for the Motion to Dismiss. Motion for Sanctions at 5-6, Docket No. 372. It is now known that, Plaintiffs mistakenly identified the proper plaintiff to this suit in its Motion to Dismiss. Plaintiffs relied on their erroneous belief that the Oklahoma County Probate Court's Order appointing Mr. Cornwell administrator of Renia A. Cornwell's estate was jurisdictionally sound, even though it appeared on the face of the record that the probate court lacked jurisdiction. To the extent that the failure of jurisdiction appears on the face of the pleadings and the probate court's order was clearly based on a misinterpretation of the governing Oklahoma law, Plaintiffs were not justified in relying on that Order to establish their argument that Mr. Cornwell, as personal representative of the estate of Renia A. Cornwell, was the only proper plaintiff. Plaintiffs mistook the law, and due to their mistake, Plaintiffs' Motion to Dismiss has been denied. The Court finds that, after viewing the Plaintiffs' mistake through an objective standard, Plaintiffs' mistake of law does not rise to the

---

[18]*See* Response to Motion for Sanctions at 2-3, Docket No. 373 ("Plaintiff's counsel has instructed Plaintiff's counsel's staff that naming an heir or spouse as a Plaintiff in such heir or spouse's individual capacity was improper in the past and should not be repeated in future lawsuits.")

14

level of impropriety which necessitates the "extraordinary remedy"[19] that Rule 11 provides. Thus, Denial of Plaintiffs' Motion to Dismiss is the simple, and appropriate, action to address such a mistake.

While it is clear that Plaintiffs' counsel made both mistakes of law and fact in the instant case, counsel's actions in pursuit of the Motion to Dismiss were not objectively unreasonable. Therefore Rule 11 sanctions are not required. Defendant's Motion for Sanctions is DENIED.

## CONCLUSION

For the reasons cited herein, the Plaintiff's Motion to Dismiss Dennis R. Cornwell in His Individual Capacity (Docket No. 353) is DENIED, and the Defendant's Motion for Sanctions (Docket No. 372) is DENIED.

IT IS SO ORDERED this 14th day of June, 2011.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma

---

[19] *See* Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1344-45 (9th Cir. 1988).